United States District Court
Southern District of Texas
**ENTERED**
April 09, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN CRAIG MOODY, (TDCJ-CID #00809008) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-20-0200 |
| DANIEL D. DICKERSON, *et al.*, Defendants. | § § § § | |

## ORDER

Steven Craig Moody, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sued in January 2020, alleging civil rights violations resulting from improper custodial classification and the denial of adequate medical care. On January 29, 2020, this Court dismissed Moody's claims as barred by the three-strikes provision of 28 U.S.C. § 1915(g). (Docket Entry No. 8).

In its order of Dismissal, this Court noted that prior to filing this action, he had at least two suits and one appeal dismissed as frivolous. *Moody v. Appleman,* Appeal No. 02-40158 (5th Cir.)(dismissed as frivolous on June 24, 2003); *Moody v. Appleman*, 1:00-0058 (E.D. Tex.)(dismissed as frivolous on December 14, 2001); and *Moody v. Griffith,* 1:96-0754 (E.D. Tex.)(dismissed as frivolous on February 28, 1997).

Moody filed a motion for reconsideration, (Docket Entry No. 10), in which he argues that the strike imposed in Civil Action Number 1:96-0754 is twenty-five years old and should not operate to bar this filing. (Docket Entry No. 10, p. 3). Moody's challenge to the validity of the strike based

on its age lacks merit. *See Adepegba v. Hammons,* 103 F.3d 383, 384–87 (5th Cir.1996), (holding that the PLRA's "three strikes" provision applied to an appeal pending prior to the effective date of the PLRA and authorized denial of In Forma Pauperis status based on lawsuits and appeals dismissed as frivolous prior to the effective date of the PLRA); *Williams v. Edwards,* 87 F.3d 126, 133 (5th Cir. 1996) (recognizing that the PLRA became effective April 26, 1996).

Moody also argues that Civil Action Number 1:96-0754 was dismissed for failure to state a claim and not based on frivolousness. A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records show that Civil Action Number 1:96-0754 was dismissed as frivolous. Even if Civil Action Number 1:96-0754 had been dismissed for failure to state a claim upon which relief may be granted, such dismissal would still count as a valid strike under 28 U.S.C. § 1915(g).

Moody's motion for reconsideration, (Docket Entry No. 10), is DENIED.

SIGNED at Houston, Texas, on ___April 9___, 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE